# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ATCO PARTS, INC.,**

        **Plaintiff,**

-vs-                                                  Case No. 6:09-cv-687-Orl-22DAB

**LAVELLE, INC., EMILIE GARRISON,
and DANIEL JAMES,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte* on review of the Notice of Removal filed by Defendants/Counter-Plaintiffs. For the reasons set forth herein, the Court **respectfully recommends** that the matter be **remanded** for lack of jurisdiction.

On March 5, 2009 Plaintiff ATCO Parts, Inc. filed suit against its former employees Defendants Emilie Garrison and Daniel James and their new employer, Lavelle, Inc. in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. No. 1. ATCO asserts state law claims against its former employee Defendants for breach of non-competition and confidentiality agreements and other tort claims for interference with business relationships, but no federal claims. Defendants Emilie Garrison and Daniel James were served on March 21, 2009. Doc. No. 1. On April 20, 2009, these Defendants[1] removed the case asserting that this Court has jurisdiction over their Fair Labor Standards Act counterclaim for overtime pay and unpaid wages pursuant to 28 U.S.C. § 1441(b) and § 1331. Doc. No. 1. Defendants also assert that removal of the

---
[1] Although the Notice of Removal states that Lavelle, Inc. was served on March 18, 2009, there is no evidence that Lavelle consented to the removal.

entire case is appropriate pursuant to 28 U.S.C. § 1441(c). For the reasons set forth below, the Court finds that it is without jurisdiction, and remand is required.

**General Principles**

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321. A court can, of course, question its jurisdiction at any time *sua sponte*.

Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The decision whether a claim arises under federal law for purposes of § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith*, 236

F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). Under the well-pleaded complaint rule, "merely having a federal defense to a state law claim is insufficient to support removal." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). "[T]he basic principle [is] that defendants may remove only on the basis of claims brought *against* them and not on the basis of counterclaims, cross-claims, or defenses asserted *by* them. Charles Alan Wright, Arthur R. Miller & Edward Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3731 (1998) (emphasis in original).

Here, the Complaint does not establish federal question jurisdiction, because it contains only state law causes of action and does not show that any "substantial question of federal law" is necessary for the plaintiffs to obtain their requested relief. *Smith*, 236 F.3d at 1310-11 (citing *Franchise Tax Bd.*, 463 U.S. at 27-28). Defendants' FLSA claims arose not from the Complaint in this case, but rather from Defendants' assertion of their counterclaim. As the Supreme Court stated in *Franchise Tax Bd.*, a federal question jurisdiction exists only when "the plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* at 10, 103 S.Ct. at 2847 ("[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. ").

The Supreme Court has held that a counterclaim cannot serve as the basis for "arising under" federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). In *Holmes Group*, a defendant asserted a compulsory patent law counterclaim and argued that the well-pleaded complaint rule would allow the counterclaim to serve as the basis for federal question jurisdiction. *Id*. at 828-30. The Supreme Court disagreed, holding: "[A] counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve

as the basis for 'arising under' jurisdiction." *Id.* at 831. The Supreme Court reasoned that, "[A]llowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832. Based on the *Holmes Group* precedent, Defendants' counterclaim under the FLSA cannot serve as the basis for federal question jurisdiction.

In a case directly on point, *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, a resort owner sued a former employee and his new employer, a competitor resort, for state claims of breach of contract, tortious interference with contract, and business conspiracy. 478 F.Supp.2d 861, 864 (E.D. Va. 2006). Defendant-employee filed an answer asserting a counterclaim for violations of the FLSA and other state law claims. *Id.* The court held that the defendant's FLSA counterclaim could not serve as basis for removal to federal court when original complaint asserted only state law claims. *Id.* ATCO's original claim in the Complaint stated no federal cause of action – it alleged only state tort and contract claims against the Defendants; therefore, the case is not removable by Defendants under the well-pleaded complaint rule.

Defendants alternatively assert without any elaboration that "removal of the entire case is appropriate pursuant to 28 U.S.C. 21 1441(c)" (Doc. No. 1 ¶ 4), which allows removal of "separate and independent" claims. Defendants Garrison and James fail to explain how 28 U.S.C. § 1441(c) can be the basis for the removal here. Because the Court has already found that Defendants have failed to identify a federal question in ATCO's well-pleaded complaint, 28 U.S.C. § 1441(c) has no application here. "[T]he assertion of separate and independent defenses by the defendant will not make a case removable, even if these defenses seem separable and independent enough to qualify

under the statute's [§ 1441(c)] language." Wright & Miller, § 3724. Defendant cannot circumvent the "well-pleaded complaint" rule by asserting their FLSA claims are "separate and independent."

As one district court summarized the reasoning:

> Overwhelming authority makes clear that § 1441(c) removal is not available to counterclaimants. Put differently, this authority reflects that the canonical "well-pleaded complaint rule" also applies to counterclaims on removal and thus, federal question jurisdiction for removal purposes must exist within the four corners of the plaintiff's complaint. A counterclaim, in other words, is not eligible to serve as the basis for removal on federal question grounds. The statutory basis for this conclusion is also straightforward. It is pellucidly clear that the term "claim or cause of action within the jurisdiction conferred by section 1331" in § 1441(c) does not embrace counterclaims, since the well-pleaded complaint rule is a construction of 28 U.S.C. § 1331. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Moreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction. Such a result is plainly contrary to the scope and intent of § 1441(c).

*UTrue, Inc. v. Page One Science, Inc.,* 457 F.Supp.2d 688, 689-90 (E.D. Va. 2006). *See, e.g., State of Texas by and Through Bd. of Regents of the Univ. of Texas v. Walker*, 142 F.3d 813, 816 n. 2 (5th Cir.1998) ("There has never been an assertion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule."); *OSI Educ. Services, Inc. v. Albert*, No. 07-3508, 2007 WL 3511884, at *4 n. 4 (D. Minn. Nov.13, 2007) ("[F]ederal questions asserted in counterclaims and third party claims do not satisfy the well-pleaded complaint rule and thus provide no basis for removal."); *Redevelopment Agency of San Bernardino v. Alvarez*, 288 F.Supp.2d 1112, 1115 (C.D. Cal.2003) ("For both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal. Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question.").

For the foregoing reasons, it is **respectfully recommended** that the matter be **remanded, as improvidently removed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on this 24th day of April, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record